IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAI ALKEBU-LAN,<br><br>             Plaintiff,<br><br>     vs.<br><br>K. WEAVER, et al.,<br><br>             Defendants. | Case No. CIV S-01-2286 JKS<br><br><br>O R D E R |

**INTRODUCTION**

Shai Alkebu-Lan, a California state prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against a guard at the institution in which he was confined. Alkebu-Lan contends the guard invaded his privacy and interfered with his access to the Court by intercepting and copying certain allegedly confidential legal documents belonging to him. The case is currently set for trial the week of December 5, 2005.

**BACKGROUND**

Alkebu-Lan filed his complaint in November 15, 2001, in the Northern District of California. The action was transferred to the Eastern District of California on December 13, 2001. Alkebu-Lan exhausted all administrative remedies on November 28, 2001, after he filed in the Northern District but before the action was transferred. The Court screened Alkebu-Lan's complaint under the

1

authority found in 28 U.S.C. § 1915A(a) and concluded that it was deficient. No mention was made of Alkebu-Lan's failure to exhaust administrative remedies before filing his initial complaint. The complaint was dismissed without prejudice and Alkebu-Lan was directed to file a timely amended complaint. Docket No. 2.

Alkebu-Lan filed his amended complaint on February 1, 2002. Docket No. 4. The complaint was screened a second time and this time found to state a claim. The Court therefore provided for the service of the complaint and summons. Again, no mention was made of any failure to exhaust remedies. Defendant then moved for summary judgment for failure to exhaust administrative remedies. The Court denied the motion, but noted that it would enter a stay of proceedings to permit the Ninth Circuit to consider an interlocutory appeal of the matter, if such an appeal was filed. Docket No. 58 at 3.

Defendants filed a permissive interlocutory appeal of the exhaustion issue. Permission to appeal was granted, and opening briefing completed. The Ninth Circuit ordered appellants to show cause why the case should not be dismissed for lack of jurisdiction. Appellants did not timely respond, and the appeal was dismissed for failure to prosecute.

Following the Court's direction, Defendants filed a status report in March, 2005. The status report requested that discovery be reopened to allow defendants to take Alkebu-Lan's deposition. Discovery was reopened until June 3, 2005.

**DISCUSSION**

Several matters require the Court's attention at this time. Alkebu-Lan has filed multiple motions, each of which is addressed below.

## I.   Motion for Sanctions

Alkebu-Lan requests that Defendants be sanctioned for filing a frivolous appeal.  Docket No. 78.  He argues that Defendants acted "vexatiously and unreasonably" and should be sanctioned under Ninth Circuit Rule 42-1 and Federal Rule of Appellate Procedure 38.  He states that the appeal was part of a conspiracy to prolong his case and deplete his resources.  He requests sanctions in the amount of $4,000,000.

Defendants oppose the motion, arguing that the Court does not have the authority to impose sanctions under these circumstances. Docket No. 82.  Ninth Circuit Local Rule 42-1 provides that an appellate court may, in its discretion, impose disciplinary and monetary sanctions when an appeal is dismissed for failure to prosecute.  Federal Rule of Appellate Procedure 38 provides that an appellate court can award damages and costs if it determines that an appeal was frivolous.

Defendants' argument is well taken.  Alkebu-Lan originally filed this motion with the Ninth Circuit Court of Appeals, along with a motion for summary judgment and injunctive relief.  The Court of Appeals denied all motions, and stated, "[a]ll further relief requested by appellee must be filed in the district court." Docket No. 78, Ex. 1.  Inasmuch as the motion can be viewed as a separate motion under Federal Rule of Civil Procedure 11, the Court, in its discretion, will deny the motion because the appeal was not frivolous.

```
ORDER
C:\Documents and Settings\MKrueger\Local
Settings\Temp\notes101AA1\S-01-2286.004.wpd
```

**II.    Motion For Appointment of Counsel**

Alkebu-Lan moves to have counsel appointed.  Docket No. 96. He asserts that he is a "layman at law," and has no assets or income.  The motion is not opposed.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, (1989).  In certain exceptional circumstances, however, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1991). In this case the Court is not sure whether those exceptional circumstances exist or not.  Therefore, the Court will refer this case to the civil rights panel in this district for review.

**III.       Motion for Order Compelling Answers to Interrogatories**

Alkebu-Lan moves for an order compelling answers to interrogatories.  Docket No. 91.  He filed the interrogatories on June 3, 2005—the day discovery closed.  Defendants oppose the motion, docket no. 99, arguing that the interrogatories were not timely, and that they therefore have no obligation to respond.  The motion to compel answers to interrogatories will be denied. However, Alkebu-Lan's counsel, if appointed, or Alkebu-Lan himself, will have the opportunity to move for a limited reopening of discovery, should such be necessary.

**IV.    Motion for Extension of Discovery**

Alkebu-Lan moves to extend discovery.  Docket No. 91. Defendants oppose the motion.  Docket No. 99.  The motion is duplicative of the motion to compel answers to interrogatories.  In

the scheduling and planning order, the Court "briefly reopened [discovery] to allow defendants to take the deposition of plaintiff" and set the completion date for June 3, 2005. The Court also stated that it would "no longer routinely approve requests or stipulations for extensions of time for discovery," and further noted that interrogatories would be limited to 25. The motion will be denied. However, as noted above, the Court will entertain a motion from Alkebu-Lan or his appointed counsel to reopen discovery for limited, delineated purposes.

**V.    Motion for Copy of Deposition**

Alkebu-Lan further moves to compel Defendants to provide him with a copy of the transcript of his deposition, without paying fees. Docket No. 91. Apparently a copy of the deposition was sent to Alkebu-Lan, but he contends he only received an empty envelope. In opposition to the motion, Defendants state that arrangements have been made to allow Alkebu-Lan to review the transcript under supervision and to have changes sent to the court reporter. Docket No. 99. In light of this, the motion will be denied as moot.

**VI.   Motion of Opposition to Defendants' Preliminary Statement of Issues**

Alkebu-Lan next 'moves' in opposition to defendants' preliminary statement of issues. Docket No. 93. No opposition has been filed. In the motion Alkebu-Lan refutes each issue raised by Defendants. Primarily he takes issue with Defendants' contention that some or all of the claims raised in the complaint are barred by the statute of limitations. As to the other issues cited by Defendants, Alkebu-Lan states that each "lacks merit" and directs

the Court to various exhibits.  These matters are not appropriate for this kind of motion practice, and will therefore be denied.

**VII.       Motion for Pretrial Conference to be held at Prison**

Finally, Alkebu-Lan moves to have a pretrial conference held at the prison where he is housed.  Docket No. 97.  In the motion Alkebu-Lan reiterates his basic arguments, but does not specify why the conference should be held at prison, rather than just before trial at the courthouse.  This motion will be denied.

**VIII.    Scheduling**

Trial is currently scheduled for the week of December 5, 2005. In light of the above issues, however, this date will be vacated. Furthermore, to allow for the possibility of resolving this matter without trial, the time for filing dispositive motions will be briefly reopened.

**IT IS THEREFORE ORDERED:**

Alkebu-Lan's motion for sanctions at **Docket No. 78** is **DENIED.** The motion for appointment of counsel at **Docket No. 96** is **GRANTED.** Alkebu-Lan is cautioned that while the case is under review, he has responsibility to continue to prosecute this action.  The Clerk of the Court is directed to copy the contents of the file and forward it to the University of California, King Hall Civil Rights Clinic. The Civil Rights Clinic shall inform the Court of its decision at its earliest convenience.  Alkebu-Lan's motion for an extension of discovery, and for an order compelling answers to interrogatories, **Docket No. 91** is **DENIED WITHOUT PREJUDICE.**   The motion is otherwise **DENIED AS MOOT.**   The motions at **Docket Nos. 93 and 97** are **DENIED.**   The trial date in this case, currently set for the

ORDER
C:\Documents and Settings\MKrueger\Local Settings\Temp\notes101AA1\S-01-2286.004.wpd

week of December 5, 2005, is **VACATED**.  The Court requests a status report to be filed by Defendants **on or before December 30, 2005,** which addresses whether Alkebu-Lan has received the assistance of counsel and proposes new trial dates.  At that time the Court will issue an amended scheduling and planning order that resets the dispositive motions deadline.

Dated at Anchorage, Alaska, this 22 day of November 2005.

/s/ James K. Singleton
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER
C:\Documents and Settings\MKrueger\Local Settings\Temp\notes101AA1\S-01-2286.004.wpd